United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31266
Summary Calendar

ODEAL BOWMAN

Plaintiff - Appellant

v.

ORLEANS PARISH SCHOOL BOARD

Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
2:03-CV-843
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Odeal Bowman ("Bowman") appeals the district court's denial of her motion for judgment as a matter of law or, alternatively, for a new trial following a jury verdict and entry of judgment in favor of Defendant-Appellee the Orleans Parish School Board (the "School Board"). For the reasons that follow, we affirm the judgment of the district court.

On March 25, 2003, Bowman filed a complaint alleging, *inter alia*, that the School Board discriminated against her in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). A jury trial of Bowman's ADEA claim was held on November 15, 2004. The jury returned a verdict for the School Board, finding that the School Board had not unlawfully discriminated against Bowman on the basis of her age by failing to promote her to the position of school principal. Thereafter, Bowman filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) or, alternatively, a motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a). The district court denied Bowman's post-trial motions on the ground that it could not conclude that there was no legally sufficient evidentiary basis upon which the jury could have found for the School Board. This appeal by Bowman followed.

We review a district court's denial of a motion for judgment as a matter of law *de novo*, applying the same standard as the district court. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 n.9 (5th Cir. 2001). The district court properly grants a motion for judgment as a matter of law only if the facts and inferences point so strongly in favor of one party that reasonable minds could not disagree. *See id.* "In ruling on a Rule 50 motion based upon the sufficiency of the evidence, we 'consider all of the evidence--not just that evidence which supports the non-mover's case--but in the light and with all reasonable inferences most favorable to the party opposed to the motion.'"

*Info. Communication Corp. v. Unisys Corp.*, 181 F.3d 629, 633 (5th Cir. 1999).

The ultimate issue in an age discrimination case is "whether the defendant intentionally discriminated against the plaintiff." *Olitsky v. Spencer Gifts, Inc.*, 964 F.2d 1471, 1478 (5th Cir. 1992). The burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993); *see also Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 149 (5th Cir. 1995) ("In an ADEA case, the critical test is that the plaintiff must prove that age actually played a role in and had a determinative influence on the employer's decision-making process.") (internal quotations omitted).

In the instant case, Bowman did not meet her burden of proof because she presented no evidence that the School Board even considered her age, much less that the School Board intentionally discriminated against her due to her age. Moreover, considering the evidence in the light most favorable to the School Board, we cannot conclude that the facts and inferences point so strongly to a finding of intentional discrimination that reasonable minds could not disagree about whether the School Board's conduct was motivated by Bowman's age. Accordingly, we AFFIRM the judgment of the district court denying Bowman's motion for judgment as a matter of law or, alternatively, for a new trial.